IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BILLY VICKERS, #157003,                    )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )     CIVIL ACTION NO. 2:10-CV-848-TMH
                                           )                [WO]
                                           )
LOUIS BOYD, *et al.*,                      )
                                           )
            Defendants.                    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Billy

Vickers ["Vickers"], a state inmate, challenging his classification as a restricted offender.

*Complaint - Doc. No. 1* at 2-3.  Vickers names Louis Boyd, the warden of Easterling

Correctional Facility, Sherry Seals, the classification supervisor at this facility, and Sandra

Hayes, his assigned classification specialist, as defendants.  Vickers seeks monetary damages

and requests issuance of an order requiring his removal from restricted offender status.  *Id*.

at 4.

The defendants filed an answer, special report and supporting evidentiary materials

addressing Vickers' claims for relief.  The court thereafter informed Vickers that the

defendants' special report may, at any time, be treated as a motion for summary judgment and

explained to Vickers the proper manner in which to respond to a motion for summary

judgment.  *Order of November 18, 2012 - Doc. No. 12*.[1]  Pursuant to the aforementioned

order, the court deems it appropriate to treat the defendant's report as a motion for summary

judgment.  Thus, this case is now pending on the defendants' motion for summary judgment.

Upon consideration of this motion and the evidentiary materials filed in support thereof, the

court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine [dispute] as to any material fact and that the moving party is entitled to judgment as

a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.

2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court

shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law.").[2]  The party moving

for summary judgment "always bears the initial responsibility of informing the district court

of the basis for its motion, and identifying those portions of the [record, including pleadings,

---

[1]  Despite the opportunity to do so, Vickers filed no response to the defendants' report.

[2]  Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed. R. Civ. P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to

3

> sufficient evidence regarding such issues of judgment to allow him to prevail
> on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal

citation omitted).  Consequently, to survive the defendants' properly supported motion for

summary judgment, Vickers is required to produce "sufficient [favorable] evidence" which

would be admissible at trial supporting his claims of constitutional violations.  *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e).  "If the evidence [on

which the nonmoving party relies] is merely colorable . . . or is not significantly probative

. . . summary judgment may be granted."  *Id*. at 249-50.  "A mere 'scintilla' of evidence

supporting the opposing party's position will not suffice; there must be enough of a showing

that the [trier of fact] could reasonably find for that party.  *Anderson v. Liberty Lobby*, 477

U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)."  *Walker v. Darby*, 911 F.2d 1573,

1576-77 (11th Cir. 1990).  Conclusory allegations based on subjective beliefs are likewise

insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose

a motion for summary judgment.  *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997)

(A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence,

are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th

Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond

"his own conclusory allegations" challenging actions of the defendants); *Fullman v.*

*Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own

4

conclusory allegations is not sufficient to oppose summary judgment . . . .").  Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party.  *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004).  What is material is determined by the substantive law applicable to the case.  *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").  "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case."  *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).  To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the

record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper.  *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact.  *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.  In this case, Vickers fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment.  *Matsushita*, *supra*.

### III.  DISCUSSION

## A.  Absolute Immunity

Official capacity lawsuits are "in all respects other than name, . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U. S. 159, 166 (1985).  "A state official may not be sued in his official capacity unless the state has waived its Eleventh Amendment immunity, *see Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900,  908, 79 L.Ed.2d 67 (1984), or Congress has abrogated the state's immunity, *see Seminole Tribe v. Florida*, [517 U.S. 44, 59], 116 S.Ct. 1114, 1125, 134 L.Ed.2d 252 (1996). Alabama has not waived its Eleventh Amendment immunity, *see Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir. 1990) (citations omitted), and Congress has not abrogated Alabama's immunity.  Therefore, Alabama state officials are immune from claims brought against them in their official capacities." *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1429 (11th Cir. 1997).

In light of the foregoing and under the facts of this case, the defendants are entitled to sovereign immunity under the Eleventh Amendment for claims seeking monetary damages from them in their official capacities. *Lancaster*, 116 F.3d at 1429; *Jackson v. Georgia Dep't of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994); *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989).

## B.  Particular Custody Classification

Vickers complains that he does not meet the criteria for a restricted offender and is

therefore entitled to a more favorable custody classification.  An inmate in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Thus, Vickers has no constitutionally protected interest in being granted a particular custody classification and his claim to the contrary is without merit.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979)*.*

## C.  Due Process Protection

In 1989, the Circuit Court of Houston County, Alabama convicted Vickers of first degree burglary.  The relevant details of this offense indicate that on September 8, 1988 Vickers unlawfully entered the home of his 84 year-old neighbor, removed his clothes and got "into bed with her."  *Defendants' Exhibit D (Report of Investigation) - Doc. No. 11-4* at 3.  After the victim questioned Vickers regarding what he was doing "Vickers did not say anything, but put a pillow over the victim's face when she started screaming.  The victim managed to get the pillow off her face and then Vickers put his right hand over her mouth. He then stated 'I want $20'.  [The victim] told him she did not have it.  Vickers then raped [the victim] on her bed . . . ."  *Id*.

Vickers maintains that his right to due process has been infringed due to his classification as a restricted offender based on the details of his offense.  In support of this

claim, Vickers argues that the defendants are relying on information in the investigative report which indicates that "a sexual[] assault happen [when he] was never charged or indicted for a sexual[] assault . . . ." *Complaint - Doc. No. 1* at 3.

The facts of this case are undisputed. Classification personnel have determined that Vickers should be classified as a restricted offender "due to the violent nature of his 1989 Burglary I conviction." *Defendants' Exhibit B (Aff. of Sandra Hayes) - Doc. No. 11-2* at 1. The defendants concede that "[t]here was no indictment [or conviction] for a sexual offense, but [maintain that] the rape of a female victim clearly took place [during the burglary]." *Id.* Correctional officials obtained this information from the investigative report prepared by a probation officer for use by the trial court in determining whether Vickers should be placed on probation. The criteria for placement in restricted offender status provides that an inmate may be classified as a restricted offender where the offense is "of such a violent nature that [the] restriction may be warranted[.]" *Defendants' Exhibit B - Doc. No. 11-2* at 2. Classification personnel are afforded absolute discretion in making this determination.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." The Supreme Court has identified two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his liberty such that due process is required. "The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence

imposed by the court.  *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see, e.g., Vitek v. Jones,* 445 U.S. 480, 492-93, 100 S.Ct. 1254, 1263-64, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital).  The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'  *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see, e.g., Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory 'good-time credits' without due process); *cf. Dudley v. Stewart,* 724 F.2d 1493, 1497-98 (11th Cir. 1984) (explaining how the state creates liberty interests).  In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999); *Sandin v. Conner*, 515 U.S. 472 (1995) 483-84 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . .  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.") (citations omitted).  The Supreme Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under

the Due Process Clause. *Id.* at 484.

As previously determined, the plaintiff has no liberty interest in a particular custody classification. *Infra* at 7-8. However, state officials may not deny or restrict access to less restrictive custody or other desirable prison programs for arbitrary or capricious reasons. *Hendking v. Smith*, 781 F.2d 850, 852 (11th Cir. 1986) (classification system contains no inherent constitutional invalidity, but becomes constitutionally offensive only if "the regulation is administered maliciously or in bad faith."); *cf. Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982) (a parole board may not engage in "flagrant or unauthorized action.").

The defendants adamantly deny that the designation of Vickers as a restricted offender due to the violent nature of his offense is violative of his constitutional rights and maintain that the details contained in the investigative report provide a valid basis for this determination. *Defendants' Exhibit B (Aff. of Sandra Hayes) - Doc. No. 11-2* at 1 ("[T]he rape of a female victim clearly took place."). Although classification decisions may not be premised upon arbitrary or capricious reasons nor may regulations be administered maliciously or in bad faith, *Hendking*, 781 F.2d at 852, the law in this circuit is well settled that prison officials may consider all details surrounding an inmate's criminal conviction when determining the inmate's custody classification. *Cf. Monroe v. Thigpen*, 932 F.2d 1437, 1443 (11th Cir. 1991) (parole board could rely on "other evidence" in plaintiff's file, including the nature of the offense for which he was convicted, to classify plaintiff as a sex offender); *Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (correctional officials

11

may consider disciplinary history, criminal record and other relevant factors in determining Incentive Good Time (IGT) status); *Hendking*, 781 F.2d at 851 (inmate's commission of a sex offense during the commission of another crime for which he is convicted constitutes reasonable and appropriate basis for denial of minimum custody).  It is clear from the foregoing that the nature of the crime, not the type or nomenclature of the actual conviction, legitimately may be used by prison authorities to determine the custody status of prisoners. Thus, the utilization of facts underlying Vickers' first degree burglary conviction to classify Vickers as a restricted offender fails to implicate the Constitution as it is rationally related to the legitimate state interest of ensuring that only those inmates best suited for lower custody classifications are actually placed therein.  *Conlogue*, 949 F.2d at 380; *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988).  The court, therefore, concludes that reliance by correctional personnel on the circumstances of Vickers' burglary conviction in the classification process was "not arbitrary and capricious, but reasonable and appropriate." *Hendking*, 781 F.2d at 852.  Consequently, no due process violation occurred.

### C.  False Information

To the extent the complaint can be construed as alleging use of false information, Vickers is likewise entitled to no relief.  The defendants do not admit that the information utilized in the classification decision-making process is false and the record is devoid of evidence establishing knowing reliance on false information with respect to the decision at

issue.

In *Monroe v. Thigpen*, 932 F.2d 1437 (11th Cir. 1991), the Court held that reliance

on ***admittedly false information*** to deny a prisoner consideration for parole was arbitrary and

capricious treatment violative of the Constitution.  The appellate court carefully distinguished

its holding from its prior decision in *Slocum v. Georgia State Bd. of Pardons & Paroles*, 678

F.2d 940 (11th Cir.), *cert. denied*, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in
> *Slocum*, *supra*.  In *Slocum*, the plaintiff, who had been denied
> parole, made the conclusory allegation that the Board must have
> relied upon erroneous information because otherwise the Board
> would surely have granted him parole.  *Slocum*, 678 F.2d at 941.
> The plaintiff then sought to assert a due process right to examine
> his prison file for the alleged errors.  Unlike the instant case, in
> *Slocum* the state did not admit that it had relied upon false
> information in denying parole nor did the plaintiff present any
> evidence that his prison file even contained any false
> prison information. We held in *Slocum* that by merely asserting that erroneous
> information may have been used during their parole consideration.  *Id.* at 942.
> We also determined that prisoners do not have a due process right to examine
> their prison files as part of a general fishing expedition in search of false
> information that could possibly exist in their files.  *Id.*  In the case at bar, we
> are confronted with prison authorities who admit that information contained
> in Monroe's files is false and that they relied upon such information, at least
> in part, to deny Monroe parole and to classify him as a sex offender.  As we
> stated, the parole statute does not authorize state officials to rely on knowingly
> false information in their determinations. *Thomas [v. Sellers]*, 691 F.2d [487]
> at 489 [(11th Cir. 1982)].

*Monroe*, 932 F.3d at 1442.

*Slocum* controls the disposition of the instant case.  The undisputed evidentiary

materials filed by the defendants indicate that the information relied on to classify the

plaintiff is true and correct.  Moreover, the only evidence before the court demonstrates that classification personnel did not rely on information they knew to be false during any stage of the classification process.  In addition, there is no admission by the defendants that the information used in classifying Vickers as a restricted offender is false, incorrect or erroneous.  The record in this case is therefore clear that classification personnel did not rely on ***admittedly*** false information.  In light of the foregoing, the plaintiff is entitled to no relief as a matter of law and summary judgment is therefore due to be granted in favor of the defendants on this claim.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion for summary judgment be GRANTED;

2.  Judgment be GRANTED in favor of the defendants;

3.  This case be dismissed with prejudice; and

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before July 15, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore,

14

it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of July, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE